# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JUAN MORENO,<br><br>　　　　　　**Plaintiff,**<br><br>　　**vs.**<br><br>NORTHWEST DEALERCO HOLDINGS, LLC, a Delaware Limited Liability Company; W & G Petroleum, Inc., a California Corporation,<br><br>　　　　　**Defendants.** | **Case No.: SACV 14-00375-CJC(DFMx)**<br><br><br>**ORDER DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |

## I.    INTRODUCTION & BACKGROUND

Plaintiff Juan Moreno filed this action seeking injunctive relief for an alleged violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").  Mr. Moreno, a paraplegic who uses a wheelchair, attests that in November 2013 he attempted to get gas at a 76 Gas Station in Anaheim, California, but discovered that the controls and operating mechanisms for the card readers were located about 61

1    inches off the ground, exceeding the maximum height restrictions of the law.  (Dkt. No.

2    14-4 ["Moreno Decl."] ¶¶ 3−4.)  He further attests that because of the lack of accessible

3    card readers, he has "been deterred from further attempting to visit the gas station."  (*Id.*

4    ¶ 5.)  Mr. Moreno now applies for default judgment.  (Dkt. No. 14 ["Appl."].)

5

6         Before the Court can consider Mr. Moreno's application, however, the Court must

7    determine whether it has subject matter jurisdiction over Mr. Moreno's claims.  Default

8    judgment may not be entered if the court lacks subject matter jurisdiction.  Indeed, if the

9    court finds it lacks subject matte jurisdiction, it "has a *sua sponte* obligation to *dismiss*

10   the action."  Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before*

11   *Trial* § 6:108.6 (The Rutter Group 2014).  The Court finds that Mr. Moreno fails to allege

12   or submit evidence showing that he has Article III standing to pursue his ADA claim.

13   The Court furthermore declines to exercise supplemental jurisdiction over Mr. Moreno's

14   remaining state law claims.  Accordingly, the Court DISMISSES the case for lack of

15   subject matter jurisdiction and DENIES AS MOOT the application for default judgment.[1]

16

17   ## II.   ANALYSIS

18

19        Mr. Moreno premises subject matter jurisdiction in this matter on his ADA claim.

20   (*See* Dkt. No. 1 ["Compl."] ¶ 5.)  Mr. Moreno asserts that the Court has federal question

21   jurisdiction over his ADA claim and supplemental jurisdiction over his remaining state

22   law claims.  (Compl. ¶¶ 5−6.)  But even if there is a statutory basis for jurisdiction over

23   the ADA claim, Mr. Moreno must also establish that he has standing to assert the claim.

24   If he does not, the Court lacks Article III jurisdiction over that claim and the claim must

25   be dismissed.  The Court then has discretion whether to exercise supplemental

26   jurisdiction over remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).

27   _____

28   [1]  Because the Court denies as moot the application for default judgment, the hearing set for August 11,
     2014 at 1:30 p.m. is hereby vacated and off calendar.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

Article III standing requires a plaintiff to show (1) that the plaintiff has sustained an injury in fact; (2) that the injury is traceable to the defendant's actions; and (3) that the injury likely can be redressed by a favorable judicial decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560−61 (1992).  Here, the second and third elements are not at issue; the only question is whether Mr. Moreno has shown an injury in fact.  *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002).  To demonstrate an injury in fact, a plaintiff must suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Id.* at 560 (internal quotation marks and citations omitted).

Where a plaintiff seeks injunctive relief, he must also show a significant possibility of future harm.  *See San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).  In the ADA context, courts evaluate the possibility of future harm by assessing the likelihood a plaintiff will again visit the premises at issue.  *See Pickern*, 293 F.3d at 1137−38.  Courts have examined such factors as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.  *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1162−63 (S.D. Cal. 2006).

In *Pickern*, for example, the plaintiff established that he was likely to return to the premises at issue, a Holiday Foods grocery store.  The plaintiff was a regular customer of the Holiday Foods store in his hometown, and the Holiday Foods chain was his "favorite" and was where he "look[ed] first" when he needed to buy groceries.  293 F.3d at 1135.  Although the store at issue was 70 miles from his residence, it was near his grandmother's residence, and he tried to visit his grandmother every week.  *Id.*  The court concluded that these facts were sufficient to establish imminent injury for purposes of standing.  *Id.* at 1138.

Similarly, in *Doran v. 7-Eleven, Inc.*, the plaintiff sufficiently alleged a likelihood he would return to a 7-Eleven that was 500 miles from his home where he alleged that he had visited the store on 10 to 20 prior occasions, that the store was conveniently located near his favorite fast food restaurant in Anaheim, and that he planned to visit Anaheim at least once a year on his annual trips to Disneyland.  524 F.3d 1034, 1040 (9th Cir. 2008).  These facts established the plaintiff's continued deterrence from patronizing the store and his intention to return in the future should the barriers be removed.  *Id.* at 1041.

Here, by contrast, Mr. Moreno merely attests that because of the lack of accessible card readers, he has "been deterred from further attempting to visit the gas station." (Moreno Decl. ¶ 5.)  But the Court has no way to discern the likelihood of any actual future deterrence.  Mr. Moreno fails to allege that he lives close to or frequently travels near Defendant's gas station.  He fails to allege any definitive plans to return.  And he attests that he has only visited the gas station on one occasion.  *See Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000) (noting that the lack of a "history of past patronage seems to negate the possibility of future injury at [that] particular location"); *see also Lujan*, 504 U.S. at 564 n.2 (standing cannot be established "by respondents' mere profession of an intent, some day, to return"); *accord Bodley v. Plaza Mgmt. Corp.*, 331 F. App'x 547 (9th Cir. 2009) ("Though Bodley was able to demonstrate that he was actually injured because he personally suffered discrimination as a result of the barriers in place while patronizing Plaza, he did not establish a real and immediate threat of repeated injury because he did not demonstrate that he intended to return to patronize . . . Plaza." (internal quotation marks and citations omitted)).

## III.  CONCLUSION

Because Mr. Moreno has failed to show any intent to return to the gas station in question, his ADA claim for injunctive relief fails to satisfy Article III's "actual or

imminent" injury requirement.  The Court thus lacks jurisdiction over Mr. Moreno's sole federal claim.  The Court, furthermore, declines to exercise supplemental jurisdiction over Mr. Moreno's remaining state law claims.  The Court has not invested significant resources or rendered any adjudication on the merits as to those claims.  The Court therefore finds no reason to exercise jurisdiction over Mr. Moreno's state law claims, which can in any event be asserted in state court.

Accordingly, the action is DISMISSED for lack of subject matter jurisdiction and the application for default judgment is DENIED AS MOOT.


DATED:     August 6, 2014

_____

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE